UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SIDNEY KEYS, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:25-cv-00342-SEP |
| | ) | |
| HERTZ RENTAL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff Sidney Keys's Complaint. On review of the Complaint, the Court dismisses the action without prejudice for the reasons set forth below. The Court also denies Plaintiff's motion to appoint counsel, Doc. [2], but grants the Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [3].

**LEGAL STANDARD ON INITIAL REVIEW**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal

construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir.2004)).  But even pro se complaints must "allege facts, which if true, state a claim as a matter of law."  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").  And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel."  *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## THE COMPLAINT

Plaintiff has filed numerous lawsuits in this Court.  In just one month, he filed 13 new cases in this district.  Here, Plaintiff alleges racial discrimination arising by employees of Hertz Car Rental.  Plaintiff asserts that on February 14, 2025, Hertz charged his credit card $1,556.26 even though he did not put a rental car on that card.  Doc. [1].  He also alleges that on multiple occasions, Hertz refused to pay for a Lyft or Uber to transport him home from the Hertz rental office, though he allegedly witnessed Hertz employees arranging such transportation for white customers.  Finally, Plaintiff alleges that on March 13, 2025, Hertz refused to release his $200 security deposit.  Plaintiff seeks a jury trial and monetary damages.

## DISCUSSION

Section 1981 of Title 42 of the United States Code provides, in relevant part, that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts."  42 U.S.C. § 1981(a).  To "make and enforce contracts" includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."  42 U.S.C. § 1981(b).  To assert a *prima facie* claim under § 1981, Plaintiff must allege, among other things, that:  (1) he was a member of a protected class; and (2) the defendant acted with discriminatory intent.  *Young v. Robert Half Int'l, Inc.*, 79 F.4th 949, 962 (8th Cir. 2023).

The Court takes judicial notice that Plaintiff has alleged in several other cases that he is an African-American man. *See, e.g.*, *Keys v. Marriott Int'l Corp.*, No. 4:25-cv-339-SEP (E.D. Mo.) at Doc. [4]. He alleges that Hertz charged his Busey Bank credit card when he was using his PNC Bank credit card but does not explain how the charge was connected to unlawful discrimination against him. He offers no factual allegations that would allow the Court to infer racial animus. Plaintiff's bald assertion of discrimination is a legal conclusion that the Court need not accept as true. *See Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

Plaintiff's allegations regarding Hertz's refusal to arrange for his transportation home are also too conclusory to state a claim. Even accepting the allegation that Hertz called rides for white customers, that alone does not show unlawful discrimination. Other customers may have signed contracts with different terms, or they may have paid for their rides. A Hertz employee calling a Lyft for a white customer does not establish unlawful discrimination. Again, the Court need not accept Plaintiff's bald assertion of discrimination. *See id.* And finally, the allegation that Hertz did not release his $200 security deposit does not imply racial animus, where Plaintiff has alleged no facts from which the Court could infer a racial motivation. The Court will not construct a legal theory that assumes unalleged facts. *See Stone*, 364 F.3d 912, 914 (8th Cir. 2004) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)). Because the Complaint fails to state a claim for racial discrimination under 42 U.S.C. § 1981, this case must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B). Accordingly,

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel, Doc. [2], is **DENIED** as moot.

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [3], is **GRANTED**.

**IT IS FINALLY ORDERED** that this case is **DISMISSED** without prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 11th day of December, 2025.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE